UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SITO NALWOOD,<br><br>         Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | Case No.: 1:11-cv-00052 - AWI - JLT<br><br>FINDINGS AND RECOMMENDATIONS DENYING THE PETITION FOR WRIT OF HABEAS CORPUS |

Sito Nalwood ("Petitioner") is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Respondent filed an answer to the petition on April 18, 2011. (Doc. 13). For the following reasons, the Court recommends the petition for a writ of habeas corpus be **DENIED**.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner is currently in the custody of the Bureau of Prisons, serving a sentence of 105 months for brandishing a firearm in commission of a violent crime and assault resulting in serious bodily injury (18 U.S.C. §§ 113a(6) and 1153).

On October 1, 2006, Petitioner was arrested and taken into custody. (Doc. 11 at 23). On November 3, 2006, the United States District Court, District of Arizona, issued an "Order Setting Conditions of Release." (Doc. 13-1, Exh. 2). Petitioner was released on his own recognizance, and ordered to reside at Recovery Homes, Inc. as an additional condition of release. (Doc. 13-1 at 10, 12).

Petitioner entered a guilty plea, and on January 31, 2008, was "committed to the custody of the Bureau of Prisons for a term of ONE HUNDRED FIVE (105) MONTHS, with credit for time served." (Doc. 13-1 at 14, 17) (emphasis omitted). Pursuant to this order, Petitioner received credit for his time in prison from October 1 to November 3, 2006: a total of 34 days. (Doc. 13-1 at 21).

Petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court, District of Arizona, which was dismissed on July 30, 2008. (Doc. 2-1 at 1). He filed a Notice of Appeal with the Ninth Circuit Court of Appeals on August 25, 2008. *Id.* The Ninth Circuit remanded the action "for the purpose of redetermining whether [Petitioner's] claim is properly raised in a 28 U.S.C. § 2241 petition and to consider whether the petition should be transferred to the judicial district where [Petitioner] is confined." *Id.* Accordingly, the court reviewed the petition and determined Petitioner's claims "can be raised in a § 2241 Petition." *Id.* at 2. Because Petitioner is confined in Atwater, California, the matter was transferred from the District of Arizona to the Eastern District of California on January 4, 2011.[1] *Id.* Accordingly, the action commenced before this Court on January 11, 2011. (Doc. 1).

## JURISDICTION

Relief under a petition for writ of habeas corpus extends to a person in custody under the authority of the United States. 28 U.S.C. § 2241(c)(3). A federal prisoner may "challenge the manner in which a sentence is executed" by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Accordingly, habeas "petitions that challenge the manner, location or conditions of a sentence's execution must be brought pursuant to § 2241." *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000); *see also Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (a § 2241 petition is the proper method for a prisoner challenging the duration of his confinement); *Kinsley v. Bureau of Prisons* 937 F.2d 26, 30 n. 5 (2nd Cir. 1991) ("challenges to the length, appropriateness or conditions of confinement are properly brought under 28 U.S.C. § 2241").

---

[1] A petition under 28 U.S.C. § 2241 "must be addressed to the district court which has jurisdiction over [Petitioner] or his custodian." *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980) (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973)).

To be entitled to habeas relief under 28 U.S.C. § 2241, a petitioner must show his sentence is being executed in an illegal manner. *See, e.g., Bostic v. Carlson,* 884 F.2d 1267, 1269 (9th Cir. 1989) ("[h]abeas corpus jurisdiction is available under 28 U.S.C. section 2241 for a prisoner's claims that he has been denied good time credits without due process of law"); *Clark v. Floyd*, 80 F.3d 371, 372, 374 (9th Cir. 1995) (reviewing the petitioner's contention that time spent in state custody should be credited toward federal custody under § 2241). Here, Petitioner asserts the calculation of his sentence was improper, because his time served while in a recovery house should be credited toward his sentence. (Doc. 1 at 3). Accordingly, Petitioner's claims are raised properly under 28 U.S.C. § 2241.

## DISCUSSION AND ANALYSIS

Petitioner asserts he is "entitled to 483 days of Awaiting Jail Credits pursuant to Title 18 U.S.C. § 3585(b)." (Doc. 1 at 3). Under 18 U.S.C. § 3585 ("Section 3835"), a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . ." 18 U.S.C. § 3585(b). Petitioner argues his time at Recovery Homes, Inc., falls within the meaning of confinement. (Doc. 1 at 7). On the other hand, Respondent asserts the petition should be denied because Petitioner failed to exhaust his administrative remedies and Petitioner is not entitled to the credit requested. (Doc. 13 at 4-6).

### I.   Exhaustion of Administrative Remedies

In general, a petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990); *Chua Han Mow v. United States*, 730 F.2d 1308, 1313 (9th Cir. 1984). Notably, however, exhaustion of administrative remedies for claims under 28 U.S.C. § 2241 is not a jurisdictional requirement. *Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir.1987), cert. dismissed, 488 U.S. 935 (1988). The exhaustion requirement "was judicially created; it is not a statutory requirement." *Brown*, 895 F.2d at 535. As a result, "the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." *Id.*

Here, Respondent asserts Petitioner failed to exhaust his "administrative remedies related to his sentence computation." (Doc. 13 at 3). Petitioner asserts there were no administrative remedies

available because the Court "must first establish by law that Petitioner's confinement at a halfway house falls within the meaning of 18 USC 3585(b)." (Doc. 1 at 5). However, Petitioner may have appealed the decision to the Bureau of Prisons, which is responsible for calculating the duration of a prisoner's sentence with credits. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992); *Allen v. Crabtree*, 153 F.3d 1030, 1033 (9th Cir.1998), cert. denied, 525 U.S. 1091 (1999); 18 U.S.C. § 3621(a). Thus, the Court finds Petitioner failed to exhaust his claims, but excuses the faulty exhaustion to reach the merits of his claims. *See Brown*, 895 F.2d at 535.

## II.     Merits of Petitioner's claims

Petitioner argues his pre-sentencing time in the recovery home constitutes "official detention" under Section 3835, and his time should be credited toward his sentence. The Ninth Circuit has determined that under Section "a defendant is given credit for time 'spent in official detention' if the conditions under which the defendant was released from actual incarceration were such that they approached incarceration." *Lahey v. Floyd*, 992 F.2d 234, 235 (9th Cir. 1993). According to Petitioner, the restrictions placed upon him at the recovery house "approached those of incarceration," and were "harsher than those of an incarcerated prison in jail and prison." (Doc. 1 at 14-15). Specifically, Petitioner notes he was subjected to the following restrictions:

1). He was assigned to a 'Pretrial Officer' and had to report to him once a week.
2). When petitioner left and return[ed] to the house he had to sign in and out.
3). Petitioner was able to leave the house "only' to go to work.
4). To go buy personal hygenes [sic], the petitioner was subjected to go in a group of pretrial detainers there at the house under supervision in a van to go to the store to purchase hygenes [sic].
5). Visitors had to be approved and were []only allowed on the weekends from 3:00 pm to 10:00 p.m.
6). Petitioner was subjected to constant urine and breathalizer random testing.
7). Constant room searches.
8). Mandatory AA and NA meetings.
9). Forced to work and pay room and board.
10). Any non-compliances, the petitioner was subjected to return to jail, and disciplinary actions for violation of any rules, misbehavior, and any other [violations] listed herein.
11). Not allowed in any other rooms, other than his.
12). Any walk-a-ways were considered and classified as an escape from the house, and were criminally charged with an escape.

(Doc. 1 at 14-15). Given these restrictions, Petitioner asserts he was in "an official detention . . . creditable within the meaning of 18 USC § 3835(b)." *Id.* at 15.

In *Lahney*, the petitioner was released on bond pending trial and asserted that because of restrictions on his physical movement, he should receive credits for the time under which he was released. The Ninth Circuit observed that many of the conditions of release were "comparable to those imposed upon a person on probation," including compliance with urinalysis testing, the use of alcohol and nonuse of narcotics, and compliance with regulations of the Pretrial Services Agency. *Id.*, 992 F.3d at 235. Similarly, other courts have determined that time spent in a halfway house is not creditable toward a sentence. *See, e.g., Dawson v. Scott*, 50 F.3d 884, 887-888 (11th Cir. 1995) (petitioner's time in a halfway house and safe house while released on bond were not creditable toward his sentence); *Moreland v. United States*, 968 F.2d 655, 657-660 (8th Cir. 1992) (en banc) (petitioner's time spent in a residential halfway house while released on bond not "official detention" within the meaning of Section 3835) *cert. denied*, 506 U.S. 1028 (1992); *United States v. Woods*, 888 F.2d 653, 655 (10th Cir. 1989) (finding the petitioner was not entitled to credit for pre-sentence detention in a halfway house because "official detention means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration").

Moreover, the Supreme Court has considered—and rejected—an argument that time spent in a community treatment center be credited toward a sentence under Section 3585. In *Reno v. Koray*, 515 U.S. 50 (1995), the district court had entered a release order that Koray be "released on bail, pending sentencing, into the custody of the Pretrial Services Agency." *Id.*, 515 at 52-53. In addition, the court ordered Koray be "'confined to the premises' of a ... community treatment center 'without authorization to leave for any reason unless accompanied' by a Government special agent." *Id.* at 53. Because Koray was *released* to the community treatment center, the Supreme Court determined his time at the center was not an official detention under Section 3585, explaining: "Unlike defendants 'released' on bail, defendants who are 'detained' or 'sentenced' *always remain subject to the control of the Bureau*." *Id.* at 63 (citing *Randall v. Whelan*, 938 F.2d 522, 525 (4th Cir. 1991) (emphasis in original). Likewise, here, the district court ordered that Petitioner was *released* to live at Recovery Homes, Inc., and he was no longer under the control of the Bureau of Prisons. Accordingly, even if Petitioner exhausted his

administrative remedies, his time at the recovery home was not an official detention for which he is entitled to receive sentence credits and his petition a writ of habeas corpus lacks merit.

### FINDINGS AND RECOMMENDATIONS

Petitioner failed to exhaust his administrative remedies regarding the calculation of his sentence. Because the exhaustion requirement is not jurisdictional, the Court excuses the failure to reach the merits. Nevertheless, as set forth above, Petitioner is not entitled to receive credits for his time prior to sentencing at Recovery Homes, Inc., under 18 U.S.C. § 3585.

Accordingly, the Court **HEREBY RECOMMENDS** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 25, 2013**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE